IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13-4049-02-CR-C-BCW |
| | ) | |
| | ) | |
| JOHN L. HAWKINS, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

      Defendant John L. Hawkins has filed a motion to dismiss Counts One, Three, Five, Six Seven, and Eight of the Indictment. (Doc. 34). Defendant alleges that dismissal of the charges is appropriate in this instance, principally because they are based on, and/or arise from, an alleged violation of a statute which is in violation of the United States Constitution. The Government has filed suggestions in opposition in response to Defendant's motion to dismiss. (Doc. 43).[1]

**A. Background**

      Defendant, and co-defendant Kevin E. Bay, are charged in a 21 Count Indictment returned by the Grand Jury on October 2, 2013. Defendant moves to dismiss Counts One, Three, Five, Six, Seven, and Eight of the Indictment. Count One charges both defendants with conspiracy to distribute a controlled substance analogue, specifically: (1) 1-pentyl-3-(1-naphthoyl)indole (hereafter JWH-018); (2) 1-pentyl-3-(2-chlorophenylacetyl)indole (hereafter JWH-203; (3) 1-pentyl-3-(2-methoxyphenylacetyl)indole (hereafter JWH-250); (4) 1-(5-Fluoropentyl)-3-(2,2,3,3-tetramethylcyclopropyl)indole (hereafter XLR-11), and (5) 1-Pentyl-3-(4-methoxy-1-naphthoyl)indole (hereafter JWH-081), each a controlled substance analogue as defined in 21 U.S.C. § 802(32)(A), knowing that each substance was intended for human consumption as provided in 21 U.S.C. § 813, all in violation of 21 U.S.C. §§ 841(a)(1) and 846. Count 3 charges that Defendant, by aiding and abetting others, knowingly and intentionally distributed a mixture or substance containing a detectable amount of JWH-081 and JWH-203,

---

[1] This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

each a controlled substance analogue as defined in 21 U.S.C. § 802(32)(A), knowing the substance was intended for human consumption as provided in 21 U.S.C. § 813, all in violation of 21 U.S.C. §841(a)(1) and 18 U.S.C. § 2.  Counts Five, Six, and Seven charge Defendant with the same crime as Count Three, the substances of which each Count charge are, JWH-203, JWH-250, and JWH-250, respectively.  Count Eight charges that Defendant, by aiding and abetting others, knowingly and intentionally possessed with the intent to distribute, a mixture or substance containing a detectable amount of JWH-250 and JWH-081, each a controlled substance analogue as defined in 21 U.S.C. § 802(32)(A), knowing the substance was intended for human consumption as provided in 21 U.S.C. § 813, all in violation of 21 U.S.C. §841(a)(1) and 18 U.S.C. § 2.

### B.  Standard of Review

The Eighth Circuit has set the following standard of review regarding a motion to dismiss based upon the sufficiency of an indictment:

> An indictment adequately states an offense if "it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution. An indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted."

United States v. Sewell, 513 F.3d 820, 821 (8th Cir. 2008) (quoting United States v. Hernandez, 299 F.3d 984, 992 (8th Cir. 2002)).  An indictment is normally sufficient if its language tracks the statutory language. Hamling v. United States, 418 U.S. 87, 117 (1974).

### C.  Analysis

In this case, Defendant asserts that dismissal of the above discussed Counts is appropriate for four reasons.  The first and second reasons claimed by Defendant involve the Due Process Clause of the United States Constitution in which it is claimed that 21 U.S.C. §§ 802(32)(A) and 813 are "void for vagueness and overbroad under the Due Process Clause of the United States Constitution." (Doc. 34 at 1).  Defendant further contends that the penal statute relevant to this case is unconstitutional because it "impermissibly delegates the authority to enact penal statutes to the Executive Branch in violation of the United States Constitution." (Doc. 34 at 6).  Finally, Defendant asserts dismissal is required in light of the recent decision handed down by the Supreme Court in McFadden v. United States, 135 S. Ct. 2298 (2015).  The Government has

2

responded in opposition arguing that none of Defendant's contentions warrant dismissal in the present case.  Each of the Defendant's assertions will be addressed in turn.

The Controlled Substances Analogue Enforcement Act of 1986 (hereafter "Analogue Act") identifies substances that are substantially similar to those listed on the federal controlled substances schedules, 21 U.S.C. § 802(32)(A), and instructs courts to treat those analogues as controlled substances on schedule I for purposes of federal law if the analogues are intended for human consumption. 21 U.S.C. § 813.  Under the Analogue Act, a controlled substance analogue is defined as follows:

> Except as provided in subparagraph (C), the term "controlled substance analogue" means a substance—
>
> (i) the chemical structure of which is substantially similar to the chemical structure of a controlled substance in schedule I or II;
>
> (ii) which has a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the stimulant, depressant, or hallucinogenic effect on the central nervous system of a controlled substance in schedule I or II; or
>
> (iii) with respect to a particular person, which such person represents or intends to have a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the stimulant, depressant, or hallucinogenic effect on the central nervous system of a controlled substance in schedule I or II.

21 U.S.C. § 802(32)(A).

"Under [the Analogue Act], a drug becomes a controlled substance if it has a chemical structure substantially similar to that of a controlled substance [in schedule I or II], and either has a substantially similar effect on the user's central nervous system, or a relevant someone [e.g., a defendant] represents that it has or intends it to have such an effect." United States v. McKinney, 79 F.3d 105, 107-108 (8th Cir. 1996), vacated on unrelated grounds, 520 U.S. 1226 (1997).  In McKinney, the Eighth Circuit stated "[b]ecause manufacturers of illegal drugs have become adept at tinkering with the molecular structure of [scheduled] controlled substances while retaining the effects that those substances produce, the analogue statute is aimed at prohibiting innovative drugs before they are specifically listed in the schedules as controlled substances." McKinney, 79 F.3d at 107.  A requirement that the Government identify and label each analogue individually before a prosecution could be pursued would essentially eviscerate

3

the analogue statute, and such an argument has been repeatedly rejected by federal courts, including the Eighth Circuit. See United States v. Washam, 312 F.3d 926, 932 (8th Cir. 2002) ("Congress did not state that distributors of analogues must be warned prior to enforcement of the statute."); United States v. Sullivan, 714 F.3d 1104, 1107 (8th Cir. 2013) ("The CSAEA does not, however, require the DEA to classify a substance as a controlled substance analogue before the substance falls under its purview.")

In addition to satisfying the definition of an analogue as set forth in 21 U.S.C. § 802(32)(A), the Government must prove, at trial, that: (1) the defendant knew it was distributing (or possessing with the intent to distribute) controlled substance analogues, and (2) that the analogues were intended for human consumption. See 21 U.S.C. § 813; See also Sullivan, 714 F.3d at 1107. Further, as was previously the law in the Eighth Circuit, and was the holding in McFadden v. United States, the Government also has the burden at trial of proving that the defendant had knowledge that the substances were controlled substance analogues. 135 S. Ct. 2298, 2302 (2015); see also United States v. Bamberg, 478 F.3d. 934, 939-40 (8th Cir. 2007); United States v. Sullivan, 714 F.3d 1104, 1107 (8th Cir. 2013). McFadden provided two ways in which the Government can prove the knowledge requirement:

> First, it can be established by evidence that a defendant knew that the substance with which he was dealing is some controlled substance – that is, one actually listed on the federal drug schedules or treated as such by operation of the Analogue Act – regardless of whether he knew the particular identity of the substance. Second, it can be established by evidence that the defendant knew the specific analogue he was dealing with, even if he did not know its legal status as an analogue.

McFadden, 135 S. Ct. at 2305.

### 1. 21 U.S.C. §§ 802(32)(A) and 813 are not void for vagueness

The Court now turns to Defendant's claim that 21 U.S.C. §§ 802(32)(A) and 813 are void for vagueness, specifically relating to the phrase "substantially similar" within the statute. The Court recognizes that under the Fifth Amendment's guarantee that every citizen is entitled to due process, "vague statutes are void." Washam, 312 F.3d at 929. The law must provide a "person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly." Grayned v. City of Rockford, 408 U.S. 104, 108 (1972). Therefore, "vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." United States v. Mazurie, 419 U.S. 544, 550 (1975).

4

"In determining whether a statute is unconstitutionally vague on the facts at hand," the Court applies a two-part test: 1) "the statute must provide adequate notice of the proscribed conduct"; and 2) "the statute must not lend itself to arbitrary enforcement." Washam, 312 F.3d at 929.

Defendant's assertion that the term "substantially similar" is so vague that it renders the Analogue Act statute unconstitutionally vague is not persuasive. When considering whether the Analogue Act is impermissibly vague, the Court looks to the legal definition of a statutory term, not the scientific definition. See United States v. Brown, 279 F. Supp. 2d 1238, 1240 (S.D. Ala. 2003) ("Since the Analogue Act does not indicate that the term 'substantially similar' is to be defined as it is used scientifically, the court will interpret those words as they are used in everyday language."). In other words, the Court looks to the words and determines if someone of common intelligence would be able to understand what conduct has been prohibited.

The argument that the phrase "substantially similar" renders the Analogue Act void for vagueness has been offered and rejected within the Eighth Circuit. See McKinney, 79 F.3d at 107-08. In McKinney, the Eighth Circuit explained that "[w]hile doubts as to the applicability of the language in marginal fact situations may be conceived, we think that the statute gave defendant adequate warning that his conduct was a criminal offense" and that "the law is full of instances where a man's fate depends on his estimating rightly, that is, as the jury subsequently estimates it, some matter of degree." McKinney, 79 F.3d at 108 (internal quotations omitted). Courts have emphasized that numerous other considerations can be taken into account in determining substantial similarity of substances, including the "effects on the human body." See Washam, 312 F.3d at 932; Brown, 279 F. Supp. 2d at 1243 ("[E]ffects on the human body under the second part of the statute may be considered when determining substantial similarity of chemical structure under the first part of the statute.").

Defendant argues further in support of his claim that the statute is unconstitutionally vague here because there is a lack of consensus among experts as to whether a particular substance is "substantially similar" to a scheduled analogue. This same argument has also been advanced and rejected in the Eighth Circuit. In McKinney, the Eighth Circuit stated:

> Mr. McKinney argues that the statute is unconstitutionally vague because there is a lack of scientific consensus that aminorex and phenethylamine are analogues . . . He urges that if experts disagree as to whether the chemical structure of one drug is substantially

5

similar to a controlled substance, then the statute is unconstitutionally vague as to that drug.

McKinney, 79 F.3d at 108. The Court then rejected the argument by explaining that, "a reasonable layperson could, for example, have examined a chemical chart and intelligently decided for himself or herself, by comparing their chemical diagrams, whether the chemical structure of two substances were substantially similar." Id. This holding has been reaffirmed by the Eighth Circuit and followed by numerous courts. See Washam, 312 F.3d at 931 ("We have held that all experts need not agree on whether two drugs' chemical structures are 'substantially similar' in order to affirm a conviction under the Analogue Statute."); United States v. Orchard, 332 F.3d 1133, 1137-38 (8th Cir. 2003); Bamberg, 478 F.3d at 938; see also Brown, 279 F. Supp. 2d at 1241 (relying on McKinney and holding that "it is apparent to the court that the phrase 'substantially similar,' as contained in the Analogue Act, does not hinge on how a scientist would interpret the term, but how ordinary people use the language"); United States v. Granberry, 916 F.2d 1008, 1010 (5th Cir. 1990) (holding that there was "nothing vague about the statute" at issue here).

Defendant cites to United States v. Forbes, 806 F. Supp. 232 (D. Colo. 1992) to support his proposition that the experts must agree and if they do not the statute is thus void for vagueness. (Doc. 34 at 3). However, Forbes has been rejected both within this district and the Eighth Circuit. See e.g., United States v. Franklin et al., No. 12-03085-01/10-CR-S-MDH; Washam, 312 F. 3d at 932 ("experts need not agree for there to be a finding that a chemical is an analogue"); McKinney, 79 F.3d at 108 (rejecting that there must be scientific consensus to defeat a vagueness challenge and finding that the proper inquiry is whether "a reasonable layperson could . . . have examined a chemical chart and intelligently decided for himself or herself, by comparing their chemical diagrams, whether the chemical structure of two substances were substantially similar."); see also Brown, 279 F. Supp. 2d at 1241; United States v. Fedida, 942 F. Supp. 2d 1270, 1279 n. 6 (M.D. Fl. 2013) ("The differing opinions of experts on the issue of substantial similarity does not, however, render the Analogue Act vague. Rather, such testimony should be presented to the trier of fact, who will decide the relative strengths and merits of the methodologies supporting the experts' opinions." (internal citations omitted)).

Here, Defendant's claim that there is a possible lack of agreement or consensus on a methodology to determine substantial similarity may be a basis to attempt to discredit an expert's

6

opinion at trial. However, it does not render the Analogue Act void for vagueness. See Brown, 279 F. Supp. 2d at 1242 ("[D]iffering methodology in reaching a conclusion on substantial similarity does not render the statute vague, but may tip the scales one way or the other on the issue in the mind of the trier of fact depending on the relative strength of the analysis.").

Further, Defendant asserts that the phrase "substantially similar" render the Analogue Act void for vagueness on its face because Congress chose a lesser scienter requirement. (Doc. 34 at 4). This position, however, is misguided. In the recent Eighth Circuit case of United States v. Carlson, discussing this very issue, the Court stated, "[t]he Supreme Court recently determined in McFadden v. United States that the Analogue Act is not unconstitutionally vague because the statute's 'knowingly or intentionally' scienter requirement alleviates vagueness concerns by 'narrow[ing] the scope of its prohibition, and limit[ing] prosecutorial discretion.'" 2016 WL 158036 at *3 (citing McFadden v. United States, 135 S. Ct. 2298, 2307 (2015)).

Ultimately, this Court is not persuaded by the Defendant's argument that various Counts of the Indictment should be dismissed because 21 U.S.C. §§ 802(32)(A) and 813 are unconstitutionally vague. There is a plethora of case law to the contrary and therefore, this Court finds this argument by Defendant to be meritless.

## 2. 21 U.S.C. §§ 802(32)(A) and 813 are not overbroad

Defendant next argues that the statute's definition is "overly broad in that it invites prosecution for commonly, widely-used 'analogues,' which include alcohol, tobacco, and caffeine." (Doc. 34 at 6). Defendant seeks to analogize alcohol, tobacco, and caffeine to controlled substance analogues by claiming that they have "effects on the central nervous system which are equal to, or greater than, the effects of many prohibited [substances]." (Doc. 34 at 6). This argument too is unpersuasive.

It appears to the Court that Defendant is attempting to argue the second prong of the of the statutory due process inquiry, that the statute is void because it lends itself to arbitrary enforcement.[2] See *supra* at 5. This argument also has been previously rejected in this district and

---

[2] The Court acknowledges that the Government has responded to this contention by the Defendant by stating that the overbreadth doctrine is not applicable to the instant case because the overbreadth doctrine is applicable to violations of the First Amendment, and no such violation is here raised by the Defendant. However, the Court believes that the Defendant is attempting to further argue that the statute is void for vagueness because it could lend itself to arbitrary enforcement.

7

by the Eighth Circuit. See e.g., United States v. McMillin, et al., No. 13-04052-01/19-CR-C-BCW; Washam, 312 F.3d at 933. In Washam, discussing whether the Analogue Act was unconstitutionally vague because it could be applied to other legal products, the Court said, "this problem was addressed by the Analogue Statute because the statute requires a showing of structural similarity *and* similar effect on the human body (or intent for there to be such an effect)." Washam, 312 F.3d at 933. In Washam, the Court was analyzing a similar claim that if 1,4–Butanediol could be charged under the Analogue Act, then so could the common food additive MSG. While Defendant claims here that the statute's definition invites prosecution for common legal products like "alcohol, tobacco, and caffeine," this issue has been discussed and resolved within the Eighth Circuit. Washam, 312 F.3d at 933. ("Congress does address the problem of these similar substances in its use of the two-part test. This prevents arbitrary enforcement."). Therefore, this Court finds Defendant's argument that the statute's definition is overbroad to be without merit.

### 3. Congress did not unconstitutionally delegate authority

Defendant next contends that various Counts of the Indictment should be dismissed because Congress impermissibly delegated authority to temporarily schedule controlled substances to the Executive Branch by conferring authority on the Attorney General pursuant to Title 21 U.S.C. 811(h). (Doc. 34 at 6-7). In support of this argument, Defendant claims that this temporary scheduling authority to the Attorney General is a delegation of authority to enact general penal statutes to the Executive Branch, in violation of the United States Constitution. The Court here finds this assertion to be without merit, as the Supreme Court has already considered and rejected Defendant's arguments on this exact same issue in the context of the nondelegation doctrine in Touby v. United States. 500 U.S. 160, 164-69 (1991). In Touby, the Supreme Court stated:

> We have long recognized that the nondelegation doctrine does not prevent Congress from seeking assistance, within proper limits, from its coordinate Branches. Thus, Congress does not violate the Constitution merely because it legislates in broad terms, leaving a certain degree of discretion to executive or judicial actors. So long as Congress "lay[s] down by legislative act an intelligible principle to which the person or body authorized to [act] is directed to conform, such legislative action is not a forbidden delegation of legislative power."

Id. at 165 (citation omitted) (quoting J. W. Hampton, Jr., & Co. v. United States, 276 U.S. 394, 409 (1928)). Ultimately, the Supreme Court found that the delegation of authority in Touby,

8

passed constitutional muster. Id. at 167-69. Therefore, this Court also finds Defendant's argument unpersuasive.

### 4. McFadden does not require dismissal

Defendant's final contention is that the opinion handed down by the United States Supreme Court in McFadden v. United States, warrants dismissal of various Counts in the Indictment. (Doc. 34 at 8). Defendant's assertion is misplaced.

In McFadden, the Supreme Court was reviewing a jury instruction given by the District Court. In their opinion, the Court, discussing the issue of the case stated, "[t]he question presented in this case concerns the knowledge necessary for conviction under § 841(a)(1) when the controlled substance at issue is in fact an analogue." McFadden, 135 S. Ct. at 2302. After discussing how the Analogue Act and the Controlled Substance Act interrelate, including stating that "[t]he Analogue Act requires a controlled substance analogue, if intended for human consumption, to be treated 'as a controlled substance in schedule I' for purposes of federal law," the Court held that the Government is required to establish that the defendant had knowledge that he was dealing with a controlled substance. Id. at 2303 (citing 21 U.S.C. § 813). The Court went on to provide two methods of which the Government could prove the requisite scienter for a conviction under § 841(a)(1) when the controlled substance was an analogue, stating:

> That knowledge requirement can be established in two ways. First, it can be established by evidence that a defendant knew that the substance with which he was dealing is some controlled substance – that is, one actually listed on the federal drug schedules or treated as such by operation of the Analogue Act – regardless of whether he knew the particular identity of the substance. Second, it can be established by evidence that the defendant knew the specific analogue he was dealing with, even if he did not know its legal status as an analogue. The Analogue Act defines a controlled substance analogue by its features, as a substance "the chemical structure of which is substantially similar to the chemical structure of a controlled substance in schedule I or II"; "which has a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than" the effect of a controlled substance in schedule I or II; or which is represented or intended to have that effect with respect to a particular person. § 802(32)(A). A defendant who possesses a substance with knowledge of those features knows all of the facts that make his conduct illegal, just as a defendant who knows he possesses heroin knows all of the facts that make his conduct illegal. A defendant need not know of the existence of the Analogue Act to know that he was dealing with "a controlled substance."

Id. at 2305.

This however does not further Defendant's claim that dismissal of various Counts in the Indictment is warranted. Whether there is sufficient evidence to prove that Defendant had knowledge that he was dealing with a "controlled substance" is a question for the trier of fact to determine based on the evidence introduced by the Government at trial. Defendant advances arguments to support his contention that the Government cannot prove he possessed the requisite knowledge under McFadden. These arguments are evidence that Defendant can attempt to introduce at trial in his defense of the allegations against him, if he chooses to put on evidence in his defense. However, such arguments do not support his claim to dismiss various counts of the Indictment. Therefore, the Court finds Defendant's argument that the challenged offense fails in light of the decision handed down in McFadden to be without merit.

### D. Conclusion

Here, the Court is satisfied, and thus concludes, that the Indictment, in Counts One, Three, Five, Six, Seven, and Eight, does adequately charge offenses because each of the Counts contain all the elements of the statutes charged and fairly informs Defendant of the charges against which he must defend. Consequently, the Court finds that Defendant's assertions that 21 U.S.C. §§ 802(32)(A) and 813 are void for vagueness and overbroad to be without merit. Also, the claims by Defendant that the Analogue Act impermissibly delegates authority from Congress to the Executive Branch and that McFadden supports dismissal are meritless and do not warrant dismissal in this case.

IT IS THEREFORE, RECOMMENDED that the Motion to Dismiss Counts One, Three, Five, Six, Seven and Eight of the Indictment (doc. 34), filed by Defendant, be DENIED.

Counsel are reminded that they have fourteen days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections. A failure to file and serve exceptions by this date shall bar an attack on appeal of the factual findings in the Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

Dated this 22nd day of January, 2016, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge